## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## PADUCAH DIVISION

**THOMAS MCHENRY PRICE**                                    **PLAINTIFF**

**v.**                                    **CIVIL ACTION NO. 5:17CV-P125-TBR**

**RICK BREWER** *et al.*                                    **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Thomas Mchenry Price, who is incarcerated in the Fulton County Detention Center (FCDC), filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the complaint will be dismissed, but Plaintiff will be given an opportunity to file an amended complaint.

## I.

Plaintiff brings suit against FCDC Deputy Guard Rick Brewer and the FCDC. He does not indicate in which capacity(ies) he sues Defendant Brewer. As his statement of his claims, Plaintiff alleges that while Defendant Brewer was driving the property truck, Plaintiff "was riding passenger side of the truck in the back while legs Hanging off he ramed me into side of building twisted me off the truck and pinned me in between truck and building." Plaintiff states that he received "a spinal and leg injury"; that Defendant Brewer refused him medical treatment until another FCDC employee became concerned for Plaintiff; and that the second time he went to medical, he was billed. He asserts that he has been having "Bad Back Pain since the accident

and they have been refusing me medical treatment."  As relief, Plaintiff seeks monetary and punitive damages and injunctive relief.[1]

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the complaint under 28 U.S.C. § 1915A.  Under § 1915A, the Court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d

---

[1] Plaintiff requests injunctive relief of "1 year."  It is unknown what Plaintiff means or what relief he wants in requesting "1 year."

478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

## A. Defendant FCDC

Defendant FCDC is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Marbry v. Corr. Med. Servs.*, No. 99–6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, it is Fulton County that is the proper defendant. *See Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v.*

*Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

None of the allegations in the complaint demonstrate that any alleged wrongdoing or injury occurred as a result of a policy or custom implemented or endorsed by Fulton County. Accordingly, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim. Accordingly, the claims against the FCDC will be dismissed.

### B. Defendant Brewer

Plaintiff fails to state the capacity in which he sues Defendant Brewer. Individual-capacity "suits seek to impose personal liability upon a government official for actions he takes under color of state law." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). "Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Id.* at 166 (quoting *Monell*, 436 U.S. at 691 n.55). "[Section] 1983 plaintiffs must clearly notify defendants of the potential for individual liability." *Moore v. City of Harriman*, 272 F.3d 769, 773 (6th Cir. 2001) (en banc). "When a § 1983 plaintiff fails to affirmatively plead capacity in the complaint, we then look to the course of proceedings" to ascertain whether the defendant has been notified of the potential for personal liability. *Id.*

Upon review, the Court finds that the complaint fails to indicate that Plaintiff intends to impose individual liability on Defendant Brewer, and none of Plaintiff's other filings pertain to that issue. The Court, therefore, will **not** construe this action as asserting any claim against

Defendant Brewer in his individual capacity but will construe it only as asserting claims against him in his official capacity.

Since "[o]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent,'" *Kentucky v. Graham*, 473 U.S. at 166, Plaintiff's official-capacity claims against Defendant Brewer are actually deemed to be against Fulton County. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county). As determined above, the complaint fails to establish a basis of liability against Fulton County and fails to state a cognizable § 1983 claim. Therefore, the official-capacity claims against Defendant Brewer will be dismissed.

Because the claims against FCDC and the official-capacity claims against Defendant Brewer will be dismissed, the complaint must be dismissed. Under Rule 15(a) of the Federal Rules of Civil Procedure, however, "a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act]." *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). Thus, the Court will allow Plaintiff to file an amended complaint suing Defendant Brewer in his individual capacity with respect to the claims that Defendant Brewer was deliberately indifferent to Plaintiff's safety and to his serious medical needs; naming as Defendant(s) any other person(s) he claims has denied/is denying him medical treatment, suing each new Defendant in his/her individual capacity, and providing facts detailing how each new Defendant denied him medical treatment; and indicating whether Plaintiff is a pretrial detainee or convicted prisoner at FCDC.

# III. ORDER

For the foregoing reasons,

**IT IS ORDERED** that all claims against FCDC and the official-capacity claims against Defendant Brewer are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED that within <u>30 days</u> from the entry date of this Memorandum Opinion and Order, Plaintiff may file an amended complaint** (1) suing Defendant Brewer in his individual capacity with respect to the claims that Defendant Brewer was deliberately indifferent to Plaintiff's safety and to his serious medical needs; (2) naming as Defendant(s) any other person(s) he claims has denied/is denying him medical treatment, suing each new Defendant in his/her individual capacity, and providing facts detailing how each new Defendant denied him medical treatment; and (3) indicating whether Plaintiff is a pretrial detainee or convicted prisoner at FCDC. The **Clerk of Court is DIRECTED to write the instant case number and "Amended" on a § 1983 complaint form and send it, along with three blank summons forms, to Plaintiff** for his completion should he wish to file an amended complaint.

**Plaintiff is WARNED that his failure to file an amended complaint within the time allotted *will result in dismissal* of the entire action pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.**

Date:

cc:     Plaintiff, *pro se*
        Defendants
        Fulton County Attorney
4413.005